UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THADDEUS JIMENEZ, et al.,

               Plaintiff,

     v.

CITY OF CHICAGO, et al.,

               Defendant.

CASE NO. C10-459MJP

ORDER ON MOTION FOR
ISSUANCE OF SUBPOENA

The above-entitled Court, having received and reviewed

1.  Defendants' Motion for Issuance of Subpoena (Dkt. No. 20)

2.  Carolyn Nielsen's Opposition to Motion for Issuance of Subpoena (Dkt. No. 22)

3.  Defendants' Reply re: Motion for Issuance of Subpoena (Dkt. No. 24)

and all attached declarations and exhibits, makes the following ruling:

     IT IS ORDERED the motion is DENIED.

**Background**

     This motion represents Defendants' third attempt to subpoena documents belonging to

Carolyn Nielsen, a journalist who corresponded and spoke with Plaintiff Jimenez and published

1   articles concerning his arrest and conviction on a murder charge of which he was eventually

2   exonerated.  Most recently, the Court granted Nielsen's request to quash subpoenas of her person

3   and her communications with Jimenez and to issue a protective order forbidding further attempts

4   to depose her or subpoena her materials.  Order Granting Motion to Quash, Dkt. No. 15

5        Since that time, Defendants have deposed Plaintiff.  During the deposition, Jimenez was

6   asked if there were copies of the letters he had sent to Nielsen in his possession.  Plaintiff said he

7   did not have any copies of the letters he sent to her or the letters she sent to him.  He also

8   testified that he did not remember if he had sent her a letter telling her "the real facts… about

9   what happened on the day of the shooting" or whether she had sent him a letter asking him to

10  "answer certain questions about what happened."  Hale Decl., Ex. A.

11  **Discussion**

12       The Court's previous order in this matter stated: "Nielsen's request for entry of a

13  protective order precluding Defendants from deposing or seeking further discovery from her is

14  granted."  Order Granting Motion to Quash, Dkt. No. 15, p. 9.  Defendants appear to be of the

15  opinion that changed circumstances have superseded the restraints imposed by this order.  The

16  Court remains unconvinced.

17       This Court has already ruled that Nielsen may invoke the journalist's privilege in

18  response to Defendants' attempts to subpoena her and her communications with Plaintiff.  This

19  finding shifts the burden to Defendants to demonstrate a "compelling need" for the information

20  they seek.  Shoen v. Shoen, 5 F.3d 1289, 1296 (9th Cir. 1993)(Shoen I).  In order to satisfy this

21  burden, Defendants must show that "the requested material is: (1) unavailable despite exhaustion

22  of all reasonable alternative sources; (2) non-cumulative; and (3) clearly relevant to an important

23  issue in the case."  Shoen v. Shoen, 48 F.3d 412, 416 (9th Cir. 1995)(Shoen II).

24

1   Defendants claim that, with the deposition of Plaintiff, they have succeeded in satisfying

2   the Shoen requirements and should be permitted access to Nielsen and the communication in her

3   possession.  Nothing in their evidence or their argument supports that claim.

4   Unavailability of alternate sources for information

5   Nielsen argues, correctly, that Defendants have produced no evidence establishing that

6   they questioned Jimenez regarding the text messages which they seek from her.  Jimenez was not

7   asked whether he still had the text messages in his possession or if he remembered the substance

8   of those communications.  On that basis, Defendants have no foundation upon which to base

9   their request to Nielsen to produce those items.

10   But Defendants claim that, based on the non-responses of Jimenez to their deposition

11   questions regarding his written communications with Nielsen, they have fully developed his

12   unavailability as an alternate source for the letters they seek.  What is noteworthy about the

13   examination of Jimenez is the amount of information it does not inquire about.  Defendants seek

14   six letters allegedly written by Jimenez to Nielsen, with specific dates assigned to each

15   correspondence; the deposition examination of Jimenez only asked him:  "Do you remember

16   sending her a letter where you kind of told her what the real facts were about what happened on

17   the day of the shooting?"  Hale Decl., Ex. A (emphasis supplied).  There is no indication as to

18   which of the six letters is being referenced, and no further questioning regarding the remaining

19   five.  This line of questioning falls far short of fully developing Jimenez's unavailability as an

20   alternate source for the information sought.

21   Cumulative

22   Because Defendants have failed, through thorough examination of Jimenez, utilization  of

23   other sources or through their pleadings, to develop with any specificity what information they

24

ORDER ON MOTION FOR ISSUANCE OF
SUBPOENA- 3

1  are seeking by means of this subpoena, the Court is at a loss as to how to evaluate whether it is

2  cumulative or not.  As Nielsen expressed in her brief "Defendants have presented no evidence

3  that what Mr. Jimenez said in his letters and text messages to Ms. Nielsen is any different than

4  what he said in other communications or writings already in Defendants' possession, or what Mr.

5  Jimenez said in his recent deposition."  Response, p. 6.

6        This is clearly Defendants' burden and nothing in their latest request elevates this

7  element of their current proof out of the realm of speculation.  It is not enough.

8  <u>Relevance</u>

9        As pointed out in the Court's previous order, Defendants have the burden of establishing

10  "relevance;" i.e., that the information they seek "goes to the heart" of the lawsuit.  The

11  requesting party must show that the information is <u>actually</u> relevant; "a showing of potential

12  relevance will not suffice."  <u>Shoen II</u>, 48 F.3d at 416; Order, Dkt. No. 15, p. 7.  Defendants

13  attempt to persuade Court that they need only satisfy a traditional definition of "relevance" (i.e.,

14  evidence that has "any tendency to make the existence of any fact that is of consequence to the

15  determination of the action more probable or less probable than it would be without the

16  evidence;" FRE 401), but that is not the state of the law in this circuit, especially where

17  information is sought from a journalist.

18        Even if that were the state of law that this Court was constrained to follow, Defendants

19  have failed utterly to articulate how whatever it is that they expect to learn from the documents

20  sought from Nielsen would satisfy even the low threshold of a traditional showing of relevance

21  (much less the higher standard of evidence which "goes to the heart" of the lawsuit).   The most

22  cogent argument Defendants can muster is to recite the CJS Evidence definition of relevance

23  ("evidence that has a logical tendency to aid the trier in the determination of the issue;" CJS

24

EVIDENCE § 290) and then state that "notes and letter written by the plaintiff (and in one instance, his mother) about the arrest, conviction, appeal, and prison time at the core of this lawsuit are 'relevant' to important issues." Motion, pp. 8-9. Again, this is not enough. After three motions and over 50 pages of briefing and exhibits, the Court still has no idea what information Defendants contend they will obtain by examination of Nielsen or her correspondence. The conclusion that they are on a fishing expedition is inescapable.

The determination of relevancy is further complicated by the fact that Defendants have never provided the Court with anything but the vaguest generalities concerning the causes of actions, claims or counterclaims in the underlying litigation. Even by their own low standard, Defendants have failed to provide the Court with the information necessary to determine whether a fact is "of consequence to the determination of the action." Relevancy cannot be ascertained in a vacuum.

Defendants, as they have done previously, allude to Nielsen's status as a potential witness in further support of their request. Nielsen has been unequivocal in her representation that she will resist being called by any party in this litigation for any purpose. Even if that were not the case, Defendants have yet to produce a single case or legal argument which stands for the proposition that this third party's status as a potential witness would alter their burden of proof in any respect. They must still establish the <u>actual</u> (not potential) relevance of any documents in her possession. They have failed to do so.

**Attorney fees and costs**

As far as the Court can see, little if anything has changed since Defendants' last attempt to obtain the documents in Nielsen's possession. Although Nielsen did not invoke it in her response, the Court in its previous ruling issued a protective order "precluding Defendants from

1  deposing or seeking further discovery from her."  Order, Dkt. No. 15, p. 9.  Defendants declined

2  anywhere in their moving or responsive papers to even acknowledge the existence of that order.

3          For that reason and for the reasons cited in the Court's previous award of attorney's fees

4  to Nielsen's counsel, the Court again awards fees and costs to Nielsen.

5  **Conclusion**

6          Defendants have done little or nothing further to satisfy their burden under <u>Shoen I</u> and

7  <u>II</u>, and the Court continues to reject their request for production of materials from this third party.

8  Their motion will be DENIED, and Nielsen is entitled to costs and fees for having to respond to

9  it.  Counsel for Nielsen is ordered to file a declaration of costs and fees on or before November

10  22, 2010.

11

12          The clerk is ordered to provide copies of this order to all counsel.

13          Dated:  November 12, 2010.

14

15

                                    Marsha J. Pechman
16                                    United States District Judge

17

18

19

20

21

22

23

24